UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FERNANDITO CARPIO,

    Plaintiff,

v.                                     Case No. 4:22-cv-199-MW/MJF

ANTONIO CARPIO, SR., *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff has failed to prosecute this action, has failed to pay the filing fee, and has failed to comply with court orders, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On May 23, 2022, Plaintiff, a prisoner proceeding *pro se*, initiated this action by filing an incomplete complaint on the court-approved form, a blank motion for postconviction relief, a blank petition under 28 U.S.C. § 2254, and a printout of his classification in the Florida Department of Corrections. Docs. 1, 1-1. Plaintiff named his father, mother, and godmother as defendants.

On May 26, 2022, because Plaintiff's complaint violated the Federal Rules of Civil Procedure and he failed to pay the filing fee or file a motion for leave to proceed *in forma pauperis*, the undersigned ordered Plaintiff (1) to file a notice of voluntary

dismissal or an amended complaint on the court-approved form, and (2) to pay the $402.00 filing fee or file a fully-completed motion for leave to proceed *in forma pauperis*. Doc. 3. The undersigned imposed a deadline of June 27, 2022 to comply. The undersigned warned Plaintiff that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to pay the filing fee, and failure to comply with the Federal Rules of Civil Procedure.

On June 23, 2022, rather than comply with the undersigned's order of May 26, 2022, Plaintiff filed the "checkbox" portions of the court-approved form for a petition under 28 U.S.C. § 2254. Doc. 4.

On July 7, 2022, the undersigned ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's order of May 26, 2022. Doc. 5. The undersigned imposed a deadline of July 28, 2022 to comply. The undersigned again warned Plaintiff that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to pay the filing fee, and failure to comply with the Federal Rules of Civil Procedure. As of the date of this report and recommendation, Plaintiff has not complied with the undersigned's order.

## II. DISCUSSION

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see, e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting a court's inherent power to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). A court also may dismiss an action for failure to pay the filing fee. *Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014); *Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002). Courts need not wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with a court order); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

On May 26, 2022, the undersigned ordered Plaintiff to file a notice of voluntary dismissal or an amended complaint, and to pay the $402.00 filing fee or file a fully-completed motion for leave to proceed *in forma pauperis*. Doc. 3. Despite having over two months to comply with the undersigned's order, Plaintiff has failed to do so. He also has not complied with the undersigned's order to show cause.

### III. CONCLUSION

Because Plaintiff has failed to prosecute this action, has failed to pay the filing fee, and has failed to comply with court orders, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice.

2. Order the clerk of the court to close this case.

At Pensacola, Florida, this 9th day of August, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate** Judge

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket does not control. A party who fails to object to the findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**